WILLIAM ANDERSON and Another, Respondents, *v.* GEORGE W. STEITZ, Appellant.

*Proof by consent of a cause of action not in the complaint — too late to object upon appeal — burden of proof to excuse delay in the execution of a building contract — assignment of the contract.*

Where a cause of action, which was not the same as that alleged in the complaint, was tried with the consent of the parties, it is too late, upon appeal, to raise any question on that account as to the regularity of the trial.

Where a contract calls for the completion of certain work before a specified date, and the person required thereby to complete such work did not complete the same within the time specified, the burden of proof is upon him to excuse his delay.

A provision in a building contract that "the contractor shall not let, assign or transfer this contract or any interest therein without the written consent of the architects," is inserted for the purpose of preventing the contractor from subletting any part of the work, and does not relate to an assignment of a claim for any amount which may become due upon the contract.

APPEAL by the defendant, George W. Steitz, from a judgment of the County Court of Monroe county in favor of the plaintiffs, entered in the office of the clerk of the county of Monroe on the 12th day of April, 1892, upon the decision of the court.

The contract upon which this action was brought contained the following provision, "the contractor shall not let, assign or transfer this contract or any interest therein without the written consent of the architects."

*Eugene Van Voorhis*, for the appellant.

*Fanning & Williams*, for the respondents.

LEWIS, J. :

One James P. Kane entered into a contract with the defendant to do the carpentry work upon some buildings in the city of Rochester at the agreed price of $7,000.

He proceeded with the work under the contract, and during its progress, at the request of the defendant, he did some extra work upon the buildings. He assigned to the plaintiffs his claim against the defendant for work upon the buildings, and they brought this

action in the Monroe County Court, claiming in their complaint to recover $580.27 as a balance due under the contract referred to.

The action came on for trial, and at the close of the evidence, at the suggestion of the presiding judge, the jury was excused and the case was submitted to the court for its decision, and the court thereafter found and decided that the plaintiffs, as such assignees, were entitled to a judgment against the defendant for $326, with interest thereon from June 1, 1890, and a judgment was thereupon entered, and the defendant appealed therefrom to this court.

It appeared upon the trial that Mr. Kane, the contractor, had been paid the entire contract price of $7,000 prior to his making the assignment to the plaintiffs. Without objection by the defendant the question of extra work was litigated upon the trial; the plaintiffs proved that Mr. Kane did extra work upon the houses at the request of the defendant and the value thereof.

This was not the cause of action alleged in the complaint, but it having been tried by the consent of the parties, it is too late upon appeal to raise any question as to its regularity. The defendant interposed as a defense to the action a claim for damages arising out of a breach of the contract on the part of Kane, which he claimed to set off against the plaintiffs' demand. Judging from the record, it would seem that the case was tried in a rather confused and unsatisfactory manner, and it is somewhat difficult to determine the theory upon which it was finally decided. It was the plaintiffs' contention that the extra work was of the value of $700.40, the defendant claimed to have an offset arising out of the breach of the contract amounting to $857.03. A Mr. Crouch testified that Kane and the defendant had an interview in his presence after the work was completed and before the assignment to the plaintiffs; that the parties looked over the items composing the extras, and that it was agreed by them that they amounted in value to the sum of $513.40.

The trial court found and decided that the parties had such an interview and that they adjusted the value of such extras at that sum; he further found that the extras were reasonably worth that amount. One item of the damages claimed by the defendant was for demurrage, arising out of the failure of Kane to complete his contract within the time agreed upon, amounting to $680.27. The trial court, and we think upon evidence justifying its finding, rejected

this item of damages.   There was evidence to show that at the time
of the looking over the accounts as mentioned, the defendant paid
Kane the difference between $857.03 and $680.27, being the sum
of $176.76.   No account seems to have been taken of this payment
by the trial court in making its decision.   The defendant made
other claims for damages arising out of injuries to his house and
furniture caused by defects in the roof of the house.   The court
found that the defendant was entitled to $354.27 for such damages
which should be set off against the plaintiffs' claim.   Some of the
reasons given by the trial court for disallowing the claim for demur-
rage are not very satisfactory.   The contract called for the comple-
tion of the work by Kane on or before the 1st day of March, 1890.
He concededly failed to complete the contract within the time, but
there was evidence tending to excuse his default.   In that respect
the burden of proof was on the plaintiffs to excuse the delay in com-
pleting the work, and not, as the trial court seemed to think, on the
defendant ; but, as stated, we think there was sufficient evidence
justifying the conclusion which the court came to upon that question.

The court having found that the extras were of the value of
$513.40, and that that amount had been agreed upon between the
parties as their correct value, and having found that the set-off to
which the defendant was entitled was $354.27, it would seem to fol-
low that the amount the plaintiffs were entitled to recover was the
difference between those two sums, to wit, $159.13, instead of the
sum of $326, as found by the court ; this latter amount was mani-
festly arrived at by deducting the defendant's bill of $354.27 from
$680.27, that being the amount the court in another part of its
decision found was due and unpaid for said extras.   The findings
in that regard are inconsistent, and we fail to find any satisfactory
evidence to sustain the latter finding.

The provision against assigning the contract, or any interest in it,
to which our attention is called by the appellant's counsel, evidently
did not relate to an assignment of a claim for any amount which
might be due upon the contract.   The purpose of the clause
undoubtedly was to prevent the contractor from sub-letting any
part of the work.

There should be a new trial of the action, with costs to abide the
event, unless the plaintiffs stipulate to reduce the amount of the

damages to $159.13, with interest thereon from June 1, 1890; and if such stipulation be given, and the judgment reduced accordingly, it should be affirmed, but without costs of this appeal to either party.

DWIGHT, P. J., and HAIGHT, J., concurred.

So ordered.